UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 05-293 (RBW) |
| | : | |
| TREVELL T. HICKS, | : | |
| | : | |
| Defendant | : | |

**DEFENDANT'S MOTION TO COMPEL THE
PRODUCTION OF *BRADY* AND *GIGLIO* MATERIAL**

Defendant, Trevell Hicks, through undersigned counsel, respectfully moves this Honorable Court to compel the government to fulfill its obligations under Brady v. Maryland and Giglio v. United States by disclosing information concerning an MPD Internal Affairs Division investigation of the police unit involved in this case, i.e., the Major Narcotics Branch.

**FACTUAL BACKGROUND**

Mr. Hicks is charged in a one-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

According to discovery provided by the government, the evidence in this case resulted from an investigation conducted by officers of the Major Narcotics Branch ("MNB") of the Metropolitan Police Department ("MPD"). On August 13, 2005, the Washington Post ran an article in its Metro section reporting on an Internal Affairs investigation of the MNB unit. See Ex. A (word perfect document replicating Washington Post article).[1]  The article reports that the

---

[1] Undersigned counsel has been unable to locate a print copy of the article. Exhibit 1 is cut and pasted from an emailed version of the story.

Internal Affairs Division of the MPD had launched an investigation into the MNB based upon administrative irregularities discovered within the unit. The article further states that Internal Affairs detectives are focusing on problems with how MNB members have logged and tracked property. Upon information and belief, the mishandled "property" referred to in the article includes guns and drugs. While the article names a number of officers involved in an administrative reshuffling based on the investigation, it does not identify the specific MNB officers under investigation.

In light of this information, this Court signed an Order on September 1, 2005, which stated that MPD was to provide to this Court for in camera review, information as to whether the MPD officers involved in the arrest of Mr. Hicks are the subject of an ongoing MPD investigation of administrative irregularities at MNB in the processing of prisoner property and evidence. As a result of this Court's Order, information was presented to the Court in a sealed envelope. At a status hearing in this case on September 15, 2005, this Court disclosed that the information provided pursuant to its Order dated September 1, 2005, would be provided to the government.

Beginning in early October 2005, undersigned counsel orally requested information concerning the MNB investigation from the government. During this conversation, the government took the position that because the investigation does not originate out of the United States Attorney's Office, i.e., it is an MPD "administrative" investigation, the government has no obligation to locate or produce information concerning the MNB investigation to the defense. Furthermore, the government stated that because none of the information regarding these MNB officers is exculpatory, no information will be provided.

As a result of these conversations, a letter dated October 18, 2005, was submitted to government counsel reiterating undersigned counsel's request for information regarding the MNB officers. As of the date of this filing, a response to the October 18, 2005, letter has not been received.

**DISCUSSION**

I.  **THE DEFENSE IS ENTITLED TO *BRADY/GIGLIO* INFORMATION RESIDING IN THE FILES OF THE METROPOLITAN POLICE DEPARTMENT'S DIVISION OF INTERNAL AFFAIRS.**

It is by now well-established that the duty to disclose under Brady encompasses impeachment evidence as well as exculpatory evidence. See, e.g., Strickler v. Greene, 527 U.S. 263, 280 (1999) (citing United States v. Bagley, 473 U.S. 667, 676 (1985)); United States v. Bowie, 198 F.3d 905, 907 (D.C. Cir. 1999) ("[e]vidence affecting the credibility of government witnesses is a category of exculpatory information potentially within Brady's disclosure obligation[,]")(citing Giglio v. United States, 405 U.S. 150, 154 (1972)).

Under both Brady and the Federal Rules of Criminal Procedure, the government's duty to disclose extends to all material information within the government's possession, custody, or control. See Fed. R. Crim. P. 16(a)(1)(E). Materials are within the government's possession, custody, or control if the prosecution has knowledge of and access to them. See, e.g., United States v. Santiago, 46 F.3d 885, 894 (9th Cir. 1995). Moreover, the D.C. Circuit has made it very clear that materials are within the "control" of the United States Attorney's Office for the District of Columbia if they reside in MPD files. See In Re Sealed Case, 185 F.3d 887, 891 n.2 (D.C. Cir. 1999) (distinction between the police and the United States Attorney's Office is "of no moment to its obligations under Brady").

The government's position that it has no duty to locate and/or produce impeachment materials in the files of the MPD's Internal Affairs Division has no support in the caselaw. The Court should accordingly order the government to produce promptly all discoverable materials concerning the MNB investigation to the defense, including all materials within the files of the MPD.

## CONCLUSION

For the foregoing reasons, and any other reasons the Court finds just and reasonable, Mr. Hicks requests that the Court order the Government to provide the defense with all discoverable materials related to the MNB investigation within its possession, custody, or control, which includes at a minimum the files of the Metropolitan Police Department.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500