UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Cr. No. 05-293 (RBW) |
| | : | |
| **TREVELL T. HICKS,** | : | |
| | : | |
| **Defendant** | : | |

**REPLY MOTION TO GOVERNMENT'S OPPOSITION TO COMPEL THE PRODUCTION OF *BRADY* AND *GIGLIO* MATERIAL**

Defendant, Trevell Hicks, through undersigned counsel, respectfully submits the following in reply to the Government's Response to the Defendant's Motion to Compel the Production of Brady and Giglio Material.

**ARGUMENT**

To begin, the government does not dispute that there is an open, on-going investigation into the processing of prisoner property and evidence (including firearms) at the Major Narcotics Branch of the Metropolitan Police Department. However, the Government's Opposition to Mr. Hicks' Motion to Compel Production of Brady/Giglio Materials does not properly identify the procedural history in which this request has been made. As the Court is aware, an Order dated September 1, 2005 required the MPD to turn over for in camera review, information specifically related to four officers involved in the arrest of Mr. Hicks. These four officers were listed in the Court's Order along with their badge numbers. In compliance with this Court's Order, it appears that information was received and was subsequently turned over to the government. Undersigned counsel then requested - both orally and in writing - any material related to these officers that would be considered Brady/Giglio information. Those requests were either denied or

unresponsive. As a result, a motion to compel production of Brady/Giglio information ensued.

In its opposition, the government claims that it "does not have access to any IAD files which may exist and which may relate to this investigation." Gov't Opp. at 3. However, the government neglects to mention that specific information relating to the four officers involved in the arrest of Mr. Hicks was already turned over in camera to the Court in light of this Court's Order on September 9, 2005. Notwithstanding the government's assertion that it does not have access to IAD files, the government then cites to United States v. Brooks, 966 F.2d 1500 (D.C. Cir. 1992) whereby the D.C. Circuit held that the United States Attorney's obligation under Brady to search possible sources for exculpatory information extended to District of Columbia police department internal affairs division files. Id. at 1503.

In the Brooks case, the Circuit held that there is no duty to search for exculpatory materials when the request is made on "pure speculation." Id. There is no speculation on the part of Mr. Hicks. There is no dispute that there is an on-going investigation regarding officers of the Major Narcotics Branch of the MPD regarding the processing of evidence (including firearms). Mr. Hicks is charged with possessing a firearm and as a result the processing of the evidence in his case may be questioned.

Further, the Brooks case also noted the fact that the defense counsel's request was specific and "pinpointed files that can be searched without difficulty." Id. As in Brooks, this request is quite specific - it pertains to four identified officers with their names and badge numbers. Clearly, this request meets the criteria identified in Brooks. In addition, this request is no where near a "fishing expedition" as the government maintains, however such information may be used for impeachment purposes at trial.

The government further states in its opposition that because the U.S. Attorney's Office is not involved in the IAD investigation nor currently investigating the matter on their own, there can be "no credible claim of bias by MNB officers in favor of the Government as a result of the IAD investigation." Gov't Opp. at 5.  This is not so, and as a result of this investigation these officers "may harbor a desire to curry favor with the state." Carillo v. Perkins, 723 F.2d 1165, 1169 (5th Cir. 1983).  The fact that a witness is not criminally "charged with the offense does not diminish the constitutional significance of this evidence." Id.  A witness's "vulnerability to prosecution" may make him "wish to assist the state," which might "persuade[]" the jury "that this motivation compromised his credibility." Id. at 1170.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Mr. Hicks respectfully moves this Honorable Court to issue the previously submitted proposed order.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C.  20004
(202)  208-7500