UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 05-293 (RBW) |
| | : | |
| TREVELL HICKS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S MOTION FOR RECONSIDERATION OF DECEMBER 19, 2005
ORDER REQUIRING DISCLOSURE OF POLICE DEPARTMENT FILES**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully asks the Court to reconsider its order of December 19, 2005 granting the Defendant's motion to compel the production of *Brady* and *Giglio* material. Because the government has already searched for exculpatory information in the Metropolitan Police Department (MPD) files and found no discoverable information, the Court's Order is unnecessary and overbroad and should be withdrawn. In support of this motion, the Government states the following:

**I. PROCEDURAL HISTORY**

1. The Defendant is charged in a one-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

2. On September 1, 2005, based on representations by counsel in open court that MPD was conducting an investigation into administrative irregularities at the Major Narcotics Branch (MNB), the Court ordered the government to provide for its *in camera* review information as to

whether four police officers who were expected to testify in this case were the subjects of the investigation. The government has complied with the Court's Order.

    3. The defendant subsequently filed a Motion to Compel the Production of *Brady* and *Giglio* Information. In its motion, the defense requested that the government be ordered to provide the defense with "all *discoverable* information within its possession, custody or control, which includes at a minimum the files of the Metropolitan Police Department." Defendant's Motion at 4 (emphasis added). The defense submitted a proposed order, which the Court signed on December 19, 2005. The Order directed the government to "promptly produce to the defense all information concerning the Major Narcotics Branch investigation within its possession, custody or control, including all information residing in the files of the Metropolitan Police Department."

    4. The government understands this Order to exceed the relief requested in defendant's motion. Rather than directing production of merely "discoverable information," which would have required the government to search for material potentially favorable to the defense, the Order directed the production of the files (or information contained therein) to the defendant, without regard to their relevance to this case.

    5. Prior to the entry of the above-referenced Order, the government filed an Opposition to the defendant's motion in which we argued that the U.S. Attorney's Office did not have access to, and was not required to obtain, internal MPD files in this case, in which there was no pending investigation in this office. In part, this legal position is premised on the notion that, since there is not an investigation being directed by the U.S. Attorney's Office, there exists no

possible bias (motive to curry favor with the prosecution) based on the contents of MPD's files (which were then unknown to the government).

6. Despite its legal arguments in this case, in the intervening period of time -- and unrelated to this specific case -- the government obtained and reviewed the entire administrative file regarding MPD's MNB investigation. That review yielded no discoverable information in this case -- neither directly exculpatory information nor impeachment information relating to any government witness in this case.

7. For the reasons set forth below, the government submits that the Court's Order as written would require the government to provide information (some of it private) in internal MPD investigative files that is not subject to disclosure under *Brady v. Maryland*, 373 U.S. 1194 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972), and that is irrelevant to issues in the instant case. Accordingly, we respectfully request that the Court reconsider its ruling, and vacate its December 19, 2005 Order.

## II. ARGUMENT

**Factual Background**

8. MPD's Internal Affairs Division (IAD) is conducting an investigation that generally relates to allegations that some MNB officials failed to follow MPD policy pertaining to the handling and safeguarding of property. In the course of that investigation, IAD referred to the U.S. Attorney's Office a number of allegations relating to possible misconduct. None of these allegations was sufficiently investigated by IAD to permit the U.S. Attorney's Office to make an assessment of a) whether crimes occurred at all; and b) whether any specific officer could be said to be a subject of a criminal investigation. Of those allegations that were potentially criminal in

nature (a number appeared on their face to be clearly administrative), the criminal theory was tenuous at best, and insufficient investigation had been done to link any officer to any crime. Therefore, at this time, no MNB official is under criminal investigation by the U.S. Attorney's Office in connection with these matters. Should MPD/IAD itself conduct further investigation, develop specific and credible criminal allegations against any officer, and refer that information to the U.S. Attorney's Office, the U.S. Attorney's Office will assess that information as it is presented to determine whether criminal investigation is warranted.

9. Although there is no criminal investigation pending in the U.S. Attorney's Office, the Government recently obtained a copy of the MPD files in this matter in connection with an unrelated case and we have had the opportunity to review the files. The files contain numerous allegations of possible mishandling of property and violations of MPD regulations with respect to record keeping procedures. Many of the allegations are based on sheer speculation by officers; in some cases officers have been found specifically not to have engaged in any misconduct or to have acted improperly, and in other cases the investigation has failed to establish whether or not officers violated MPD administrative procedures. With respect to the instant case, there is no Brady information in the files.

**The Legal Standard**

10. The Court of Appeals for the District of Columbia Circuit has held that under certain circumstances, the United States Attorney's Office has a duty to examine MPD files that may contain material exculpatory information. *United States v. Brooks*, 966 F.2d 1500 (D.C. Cir. 1992). In *Brooks*, the Court of Appeals, citing the United States Supreme Court's ruling in

*Pennsylvania v. Ritchie*,[1] directed that in those cases where the government is obliged to review internal MPD files, the appropriate procedure is for the United States Attorney's Office to review the files that may contain material exculpatory information to determine whether any *Brady* information exists. *Brooks*, 966 F.2d at 1504. In fact, even though in *Ritchie* the Supreme Court remanded for *in camera* review by the trial court of disputed material, the Court of Appeals, relying on the language of the *Ritchie* opinion itself, concluded that in most cases prosecutorial review of material is sufficient, and is appropriate procedure. *Id*. Only where there is an indication that the government has withheld exculpatory evidence from the defense, is judicial rather than prosecutorial review of the disputed material required. As the D.C. Circuit observed, "[a]lthough the defendant has pinpointed specific *files*, he has not identified 'exculpatory evidence [that the prosecution] withheld.'" *Brooks*, 966 F.2d at 1505 (emphasis in original and internal citation omitted). Accordingly, the court found, "the case calls for the usual prosecutorial rather than judicial examination." *Id.*

      11. The defendant has articulated no basis in either law or fact that should lead this Court to alter the procedures set forth in *Brooks*. Indeed, the defendant's motion did not even seek production of "all information" in MPD's file; it sought all discoverable information. Nothing in *Brooks* (or the Supreme Court's opinion in *Ritchie*) suggests that the defense is entitled either to review agency files, or to be provided with *all* of the information in those files, (which of course is tantamount to turning over the files themselves). The government is aware of no authority supporting the position that the defense may learn all of the information within internal agency

---

[1] *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987).

investigative files, without regard to whether the material is exculpatory to the defense, or even relevant to the defendant's case. Rather, the case law is clearly to the contrary: upon the requisite showing of specificity and relevance by the defense, the government is obliged either to review police investigative files, or to provide the files to the court for *in camera* review for a determination of whether they contain exculpatory material.[2] In this case, we have conducted a review of the files, which are voluminous, and we are prepared to provide the Court with the information within the files should it desire to review them or hear a summary. We have determined that this defendant is not entitled to discovery of any information contained within.

**The Instant Case**

12. As noted, the IAD file is voluminous, and contains references to officers who are not involved in this case, and about whom administrative investigations have been closed or are pending. Because the order submitted by the defense and signed by the Court is directs that "all information" concerning the investigation of MNB be produced to the defense, to comply with the Order, the government would be compelled to turn over, for example, unproven allegations of possible administrative violations or mishandling of evidence involving officers who played no part in the investigation of the instant case.

13. Such disclosure would go far beyond the government's obligations to disclose *Brady* and *Giglio* information to the defense. Moreover, it would unfairly stigmatize officers who have not been found to have acted improperly, but whose names appear in reports -- sometimes

---

[2] The Court of Appeals also suggested that it would be appropriate for "a suitably responsible person in the Metropolitan Police Department" to review MPD files to determine whether the files contain materially exculpatory information in lieu of review by the prosecutor. *Brooks*, 966 F.2d at 1504.

because of a tenuous connection with evidence that is alleged to have been mishandled. In addition, disclosure of information contained in confidential internal investigative files could jeopardize the ongoing investigation.

14. As noted, U.S. Attorney's Office personnel have now reviewed IAD's administrative file relating to its MNB investigation. We have determined that the names of three officers who may testify at the motions hearing or trial in the instant matter are referenced in the file provided to the U.S. Attorney's Office. After careful review, including consultation with senior supervisors in the U.S. Attorney's Office, we have concluded that there is no information that must be disclosed to this defendant pursuant to both *Brady* and *Giglio v. United States*, 405 U.S. 150 (1972). The IAD investigation of the MNB is continuing. The U.S. Attorney's Office will continue to review any future developments in this investigation, and will notify the Court and counsel, should there be a change in the status of any of the officers involved in this case.

15. Although our review of the files has determined that they do not contain disclosable information in this case, the government is prepared to provide further details to the Court, *in camera*, regarding the nature and extent of the investigation involving these officers, should the Court request the government to do so. Such a procedure would serve to assure the Court that the government has complied with its *Brady* obligations, without jeopardizing the ongoing police investigation and making public what are as yet unproved, and what may ultimately be unfounded, allegations against police officers, the vast majority of whom have no connection to this case.

WHEREFORE, the government respectfully requests that the Court reconsider its Order of December 19, 2005 granting the defendant's motion to compel the production of *Brady* and *Giglio* material.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451058

BY: _____

CARLOS F. ACOSTA
Special Assistant United States Attorney
D.C. Bar Number 443373
Organized Crime and Narcotics Section
555 4th Street, N.W.  #4108
Washington, DC 20001
(202) 514-4922; Fax: (202) 353-9414