UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Cr. No. 05-293 (RBW) |
| | : | |
| **TREVELL T. HICKS,** | : | |
| | : | |
| **Defendant** | : | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR
RECONSIDERATION OF DECEMBER 19, 2005 ORDER**

Defendant, Trevell Hicks, through undersigned counsel, respectfully submits the following in response to the Government's Motion for Reconsideration of this Court's, December 19, 2005, Order.

**ARGUMENT**

The government claims in its motion for reconsideration that "because the government has already searched for exculpatory information in the Metropolitan Police Department (MPD) files and found no discoverable information, the Court's Order is unnecessary and over broad and should be withdrawn." See Gov't Motion for Reconsideration, page 1. In the government's assertion that this Court's Order is over broad, the government neglects to mention the intention of the parties and this Court. On December 16, 2005, at the motions hearing regarding the discovery request, undersigned counsel specifically articulated that this request for information relating to the Major Narcotics Branch Investigation was only related to the four MPD officers that were the initial subject of this Court's Order dated September 1, 2005. The September 1, 2005, Order specifically identified the four officers involved in the arrest of Mr. Hicks along with their badge numbers. In compliance with the September 1, 2005, Order it is the understanding of

undersigned counsel that either a "Y" or a "N" was handwritten next to the name of the officers listed on the Order, thereby indicating whether or not these individuals were subject to an Internal Affairs Division investigation.

Interestingly, the government admits in its motion that "three officers who may testify at the motions hearing or trial" are referenced in the Internal Affair's Division administrative file relating to the Major Narcotics Branch investigation.  See Gov't Motion for Reconsideration, page 7.  However, the government believes - with the help of senior level supervisors - that there is no information within these files that must be disclosed to Mr. Hicks regardless of this Court's Order.  See Gov't Motion for Reconsideration, page 7.

Part of the government's request for reconsideration of this Court's Order is based upon the premise that currently there is "no MNB official who is under criminal investigation by the U.S. Attorney's Office in connection with these matters."  See Gov't Motion for Reconsideration, page 4.  However, the government concedes that the "IAD investigation of the MNB in continuing."  Id., page 7.  The fact that a witness is not criminally "charged with the offense does not diminish the constitutional significance of this evidence."  Carillo v. Perkins, 723 F.2d 1165, 1169 (5th Cir. 1983).  Further, a witness's "vulnerability to prosecution" may make him "wish to assist the state," which might "persuade[]" the jury "that this motivation compromised his credibility."  Id. at 1170.  In this case, three officers out of the four officers involved in the arrest of Mr. Hicks may at some point in the future become potential subjects of a criminal investigation and therefore "may harbor a desire to curry favor with the state."  Id. at 1169.  The credibility of these officers will be an essential component to the government's case.

Because the government has determined that the information regarding the three officers,

who were involved in the arrest of Mr. Hicks and are also referenced in the IAD file relating to the MNB investigation, does not contain "disclosable information" the government now requests that it be allowed to "provide further details to the Court, in camera, regarding the nature and extent of the investigation involving these officers." See Gov't Motion for Reconsideration, page 7. The government indicates that this type of disclosure will not jeopardize the "ongoing police investigation" and avoid making public what are as yet unproved allegations against police officers, "the vast majority of whom have no connection to this case." Id. Again, it is Mr. Hicks intention to receive information only about the four officers involved in his arrest. Such information about these three officers may affect their credibility as government witnesses which is a category of exculpatory information potentially within Brady's disclosure obligation. See United States v. Bowie, 198 F.3d 905, 907 (D.C. Cir. 1999).

      WHEREFORE, for the foregoing reasons, Mr. Hicks respectfully moves this Honorable Court to deny the government's request for reconsideration of this Court's December 19, 2005, Order.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500