UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 05-293 (RBW) |
| | : | |
| TREVELL T. HICKS, | : | |
| | : | |
| **Defendant** | : | |

**PROPOSED VOIR DIRE QUESTIONS**

Mr. Trevell Hicks, the defendant, through undersigned counsel, respectfully requests that the Court ask the following voir dire questions.

Knowledge of the Case or Participants

1. The government alleges that the charged offense occurred on July 8, 2005, in the area of the 1800 block and 1900 block of Benning Road, N.E. Based on this information, does any member of the jury panel believe that he or she knows anything about this case?

2. Do you have any particular familiarity with the area of the location of the alleged offense, the area of Benning Road, N.E. between 18th Street and 19th Street, N.E.?

3. The United States is represented by Assistant United States Attorney Brian Rogers. Does any member of the panel know or know of Mr. Rogers?

4. Mr. Hicks is represented by Assistant Federal Public Defender Dani Jahn and Gregg Spencer. Does any member of the panel know or know of Ms. Jahn or Mr. Spencer?

5. Mr. Hicks is 28 years old and a resident of Washington, D.C. Do any of you, your relatives or friends, know, or know of, Mr. Hicks?

6. During the presentation of evidence by the United States, you may hear testimony from or about the following persons: [List to be provided at trial]. Does any member of the panel

know any of these prospective witnesses?

7. The defendant, Mr. Hicks, has no obligation to present any evidence or witnesses. However, if he and his counsel chose to call a witness or witnesses, you may hear testimony from or about the following persons: [List to be provided at trial]. Does any member of the panel know any of these prospective witnesses?

8. As I stated, I am Judge Reggie B. Walton. My courtroom clerk is Ms. Powell-Taylor. The court reporter is Ms. Phyllis Merana. Do you know me or any member of my staff?

9. Please take a moment to look around the room at your fellow panel members. Do any of you know any other member of the jury panel?

Nature of the Charge

10. Mr. Hicks is charged with possessing a firearm and ammunition after previously being convicted of a crime punishable by a term of imprisonment exceeding one year. Do you have such strong feelings about guns that the nature of the charge itself would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

11. Are you now or have you in the past been a member of any group which advocates either for or against gun ownership or gun control?

12. Do any of you have or have had a relationship with someone whose life has been harmed in some way by the use of a gun?

13. As part of the evidence in this case, you will hear that Mr. Hicks has a prior conviction for an offense that carries a possible punishment of more than one year. However, this evidence will be admitted only for the purpose of demonstrating that Mr. Hicks has such a conviction, which is one of the elements of the offense which the government must prove beyond

a reasonable doubt. I will instruct you that you cannot use this evidence for any other purpose and you will not be able to use this evidence to determine whether or not the government has proven beyond a reasonable doubt that Mr. Hicks possessed the gun and ammunition charged in this case. Will knowledge of a prior conviction make it difficult for you to determine the facts of this case solely on the facts presented to you?

## Legal Principles

14. One of the fundamental principles of our legal system is that when a person is brought to court and charged with a crime, that person is presumed innocent unless and until the government presents evidence that convinces you of guilty beyond a reasonable doubt. Do any of you have any hesitation in following that requirement of the law?

15. Even though Mr. Hicks has been arrested in this case, he is presumed innocent unless the government proves guilt beyond a reasonable doubt. Does the fact that he has been arrested make it difficult for any of you to presume now that he is innocent?

16. There has been an indictment in this case. An indictment is merely a formal way of presenting charges. It is a way to inform Mr. Hicks, the Court and the members of the jury what he is charged with. It has no other purpose. Is there anyone here who would presume Mr. Hicks is guilty merely because an indictment formally charged him with a crime?

17. The government has the burden of proving Mr. Hicks guilty. This burden of proof never shifts to the defendant. Do you have any hesitancy in following this requirement?

18. Do any of you think that the United States government does not take cases to trial unless the defendant is probably guilty?

19. It is neither Mr. Hicks' nor his attorney's responsibility to prove Mr. Hicks innocent?

Because Mr. Hicks is presumed innocent, he need not testify, nor offer any evidence. Would you view his and his attorney's decision not to put on a defense as evidence of guilt?

<u>Police Officers, Prosecution, Defense, Court System</u>

20. Some of the government witnesses in this case are police officers. Do any of you believe that police officers are more or less credible than other witnesses simply because they are police officers?

21. Would any of you have difficulty believing the testimony of an ordinary citizen over the testimony of a police officer if the citizen's testimony conflicted with the officer's testimony?

22. Have you or any of your relatives or any close friends ever worked, in any capacity, for (or have an application pending to work for) any type of law enforcement agency, including: the Metropolitan Police Department, the Federal Bureau of Investigation, the United States Secret Service, the Internal Revenue Service, the United States Marshal Service, the United States Park Police, the Bureau of Immigration and Customs Enforcement and any other federal, state or local law enforcement agency?

23. Are any of you now or have you been active members or participants in any crime prevention organizations, victims' rights organizations, or neighborhood watch groups such as the "Orange Hats"?

24. Has any member of the jury panel, or any of your immediate family members or close friends studied law or had any legal training?

25. Have you, your relatives, or close friends ever worked, in any capacity, for (or have an application pending to work for) a local, state, or federal prosecutor's office such as the D.C. Corporation Counsel, the United States Attorney's Office, or a state's attorney or commonwealth

attorney?

26.  Have you or any of your relatives or any close friends ever worked, in any capacity, with or for (or have an application pending to work for) a defense attorney or an investigator working for a defense attorney?

27.  Have any of you formed special opinions concerning defense attorneys, prosecutors or accused persons that would affect you in deciding this case?

28.  Have you, your relatives, or close friends ever worked for the court system as a law clerk to a judge, probation officer, parole officer or in any other capacity?

<u>Prior Jury Service</u>

29.  Has any member of the jury panel ever served as a juror in a trial?

30.  Has any member of the jury panel ever served as a grand juror?

31.  Have any of you heard or seen anything in your previous jury service that would make it difficult for you to sit in this case?

32.  Do any of you have any feelings or beliefs about prosecutors or defense attorneys that would affect your ability to be impartial in deciding this case?

<u>Victim of, Witness to, or Charged with Crime</u>

33.  Has any member of the jury panel, or any of your relatives or close friends, been a witness to or a victim of a crime?

34.  Has any member of the jury panel, or any of your relatives or close friends, been arrested for and/or charged with a crime?

<u>Individual Judgment</u>

35.  If chosen as a juror, you should stand by your own opinion based on the evidence that

comes in at trial and give Mr. Hicks the benefit of your individual judgement. Is there anyone who believes that they would be unable to do that?

36. To reach a verdict, every juror must agree on that verdict. In deliberations you are to consider the opinions and points of your fellow jurors. However, in the end, you must follow your own conscience and be personally satisfied with a verdict. Do any of you believe that might have difficulty following those requirements or that you might go along with the majority, even if you did not agree, just because you were outnumbered?

37. Is there any member of the jury panel who has any moral, religious or philosophical convictions which would make it difficult for you to pass judgment on another person or to render a judgment in this case based solely upon the evidence presented during trial?

Hardships

38. Are there any among you who has a hearing problem, uncorrected by a hearing device, or a problem with your eyesight, uncorrected by glasses, such that it would make it difficult for you to hear or see the evidence presented in this case?

39. Do any of you have an illness, or other medical condition which would make it difficult for you to sit as a juror?

40. Do any of you need to take any medication which might cause drowsiness or other wise make it difficult for you to remain alert and attentive during these proceedings?

41. The presentation of the evidence in this case is expected to take approximately two days, after which the jury will begin deliberations. Is there any member of the jury panel who has an urgent or extremely important matter to attend to such that he or she would be faced with a hardship if selected for the jury in this case?

42.  Do any of you know of any reason whatsoever, not covered by the Court's questions, why you could not or should not sit as a juror in this case or why you could not render a fair and impartial verdict based upon the evidence and the law as you shall hear it?

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER

        /s/
_____
Dani Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500