UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 05-293 (RBW) |
| | : | |
| TREVELL T. HICKS, | : | |
| | : | |
| **Defendant** | : | |

## SENTENCING MEMORANDUM

On April 11, 2006, Mr. Trevell Hicks, the defendant, pled guilty to count two of a superceding Information charging him with Carrying a Pistol Without a License, in violation of D.C. Code § 22-4504(a)(2). He will appear before this Honorable Court for sentencing on July 7, 2006. Mr. Hicks, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a fair and just sentence.

## Background

Mr. Hicks grew up in the Washington, D.C. metropolitan area where he has been a life-long resident. Mr. Hicks shares a very close relationship with his family, including his mother, step-father, and son, as evidenced by the attached letters in support of him. In particular, Mr. Hicks' son, Trevell Jr., lost his mother a few years ago and desperately hopes to be reunited with his father soon. It is Mr. Hicks hope to be reunited with his son and begin a new life together.

## Argument

As stated in the Pre-Sentence Report, the United States Sentencing Guidelines do not

apply in this case because Mr. Hicks pled guilty to a D.C. Code offense, however the Court may consider the voluntary D.C. Guideline provisions. See PSR, page 10-11, ¶ 45. Further, as stated in the plea agreement, the government agrees not to oppose a sentence of time served. Mr. Hicks has been incarcerated on the instant offense since July 8, 2005, therefore at the time of his sentencing Mr. Hicks will have served a year in jail. Therefore, Mr. Hicks requests that he be given a sentence of time served.

The factors identified in 18 U.S.C. § 3553(a) support Mr. Hicks' request that he be given a sentence of time served. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 260 (2005). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a time served sentence - approximately one year of jail - would be warranted in this matter, and that a sentence of imprisonment beyond that time period would be greater than necessary to meet the sentencing purposes set forth in § 3553(a)(2). The Court should consider Mr. Hicks' family history, employment, as well as various and substance abuse issues that Mr. Hicks has faced in his life.

Sentencing Mr. Hicks to a time served sentence is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Mr. Hicks with needed educational or vocational training and medical care." See 18 U.S.C. § 3553(a).

## Conclusion

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Mr. Hicks respectfully submits that a sentence of time served - approximately one year - is adequate to promote the relevant sentencing objectives at issue in this case.

                                          Respectfully submitted,

                                          __/s/_____
                                          Danielle C. Jahn
                                          Assistant Federal Public Defender
                                          625 Indiana Avenue, N.W., Ste. 550
                                          Washington, D.C.  20004
                                          (202) 208-7500